**Arman TAREK, Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General [1] Respondent.**

No. 03–40075.

United States Court of Appeals, Second Circuit.

Dec. 29, 2005.

Salim Sheikh, New York, N.Y., for Petitioner.

Gregory G. Brooker, Assistant United States Attorney, for Thomas B. Heffelfinger, United States Attorney for the District of Minnesota, Minneapolis, Minn., for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT A. KATZMANN, and Hon PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Arman Tarek, a native and citizen of Bangladesh, petitions for review of a June 4, 2003 decision of the Board of Immigration Appeals ("BIA") denying his motion to reopen his removal proceedings or to reconsider the prior BIA decision affirming

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales has been substituted for former Attorney General John Ashcroft as the respondent in this case.

his order of removal. We assume the parties' familiarity with the facts, procedural history, and scope of issues on appeal.

After Petitioner entered the United States in February 1993, he applied for asylum on the grounds that he had been arrested and tortured in Bangladesh for his political work for the Jatiyo Party, and that he feared that his life would be in danger were he forced to return to his native country. On August 15, 2000, after a full hearing before an immigration judge ("IJ"), Petitioner's asylum application was denied on the grounds that (1) Petitioner was not credible; (2) Petitioner had not supplied evidence to corroborate his allegations of torture; and (3) Petitioner had not rebutted the State Department's 1998 appraisal that the political climate in Bangladesh had substantially improved and no longer posed a threat to members of the Jatiyo Party. The BIA summarily affirmed the IJ's decision on November 19, 2002. On February 3, 2003, Petitioner filed a motion to reopen or reconsider the BIA's decision. The BIA denied that motion on June 4, 2003. Petitioner then filed the present petition for review.

We review the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Khouzam v. Ashcroft,* 361 F.3d 161, 165 (2d Cir. 2004). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur,* 413 F.3d at 233–34 (quoting *Ke Zhen Zhao v. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001)). "The statutory framework governing asylum proceedings does not provide for mo-

tions to reopen or reconsider, and the right to make such motions depends entirely on the administrative regulations." *Kaur,* 413 F.3d at 234 (citation and internal quotation marks omitted).

■ Portions of Petitioner's motion challenged the IJ's adverse credibility ruling and the IJ's conclusion that Petitioner failed to supply corroborative evidence to support his claim. The BIA treated these contentions as a motion to reconsider. Because this motion was filed over two months after BIA summarily affirmed the IJ's asylum denial, the BIA denied Petitioner's motion as untimely. *See* 8 C.F.R. 1003.2(b)(2) ("A motion to reconsider a decision must be filed with the Board within 30 days after the mailing of the Board decision or on or before July 31, 1996, whichever is later."). Petitioner does not contend that the BIA misconstrued his motion. As such, it was not an abuse of discretion to deny the motion as untimely since it plainly exceeded the 30–day filing deadline.

■ The BIA rejected the remainder of Petitioner's motion, which it treated as a motion to reopen. But, the only "new" evidence Petitioner offered to support his motion were two more recent country profiles of Bangladesh published by the State Department in 2000 and 2001. Because these documents alone were not enough to change the result in the case, the BIA did not abuse its discretion in denying Petitioner's motion to reopen. *See generally Li Yong Cao v. U.S. Dep't of Justice,* 421 F.3d 149, 156–157 (2d Cir.2005) ("The BIA has broad discretion to deny a motion to remand grounded on new evidence.... [T]he BIA has held that it ordinarily will not grant such a motion unless the movant has met the heavy burden of demonstrating a likelihood that the new evidence presented would alter the result in the case."

(internal quotation marks and citations omitted)).

We have considered all of Petitioner's arguments and find them to be without merit. Accordingly, the petition for review is DENIED.